# In re Estate of Warren Springer, Deceased. Appeal of Marguerite Springer, Executrix, Appellant, v. Wallace L. DeWolf et al., Appellees.

## Gen. No. 20,930.

ESTOPPEL, § 51*—*when executrix estopped to contest order directing payment of claim.* When, on a citation issued to an executrix to show cause why the executrix, who had filed an account showing a deficiency of personalty, should not sell the realty to pay debts, the executrix stated that realty was incumbered and that the holder of the incumbrance was willing to lend her on the realty an amount sufficient to pay all debts of the estate and that the realty was worth more than.the amount of the loan, and does effect the loan and pay off all of the debts with the exception of a judgment claim, allowed and ordered paid by the Probate Court, based on a judgment from which no appeal was taken and to reverse which no writ of error was sued out, she is estopped by her conduct to claim that the only resource of such claimant is by a proceeding to compel the sale of the realty to pay debts.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EUGENE M. BUMPHREY, for appellant.

GEORGE W. WILBUR and WILLIAM T. ALDEN, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court affirming an order of the Probate Court which directed the appellant, Marguerite Springer, as executrix of the will of Warren Springer, deceased, to pay the claim of appellees which was allowed by the Probate Court July 24, 1912, for $25,190.97, as of Class 7, to be paid in due course of administration.

In obedience to an order of the Probate Court the executrix filed June 2, 1913, a just and true account of the estate of Warren Springer, exhibiting a deficiency of personal assets of $42,036.58, which was on the same day approved. One of the liabilities shown by such account was that of appellees for $25,190.97. William T. Alden, a creditor of the estate of Warren Springer, caused a citation to issue commanding the executrix to show cause why she did not sell real estate to pay debts. In answer to this citation the executrix stated that the real estate was incumbered for $211,000; that the holder of such incumbrance was willing to lend her $300,000 on such real estate as security to be used in paying claims against the estate of Warren Springer; that the value of said real estate was much more than $300,000, and such loan would be sufficient to pay all debts due from deceased.

The executrix was the devisee of said real estate and the loan of $300,000 was obtained by her on the security of such real estate. Out of this sum she paid the debts due from deceased with the exception of that due appellees, and deposited $30,000 of the money so borrowed with the Chicago Title & Trust Company to secure it on a guaranty of title against liability to pay

appellees their claim for $25,190.97 and interest, and applied to her own use nearly $30,000.

Appellees then filed in the Probate Court, pursuant to notice, their petition setting up the facts above stated, and praying that said Marguerite Springer be ordered without delay to pay them the amount of their judgment against said estate for $25,190.97 and interest. The answer of Marguerite Springer consists of an attack on the judgment and the statement that there is no sufficient showing that she has money to pay the claim.

The Probate Court entered an order that Marguerite Springer as executrix pay to appellees the amount of their claim as allowed with interest within twenty days. It was from this order that the appeal to the Circuit Court was taken. On the hearing in that court the order of the Probate Court was affirmed and the appellant here ordered to pay to the appellees here the amount of their claim as allowed by the Probate Court against the estate of Warren Springer within twenty days with interest from July 24, 1912, and from this order and judgment the present appeal was taken.

Appellant was excused from selling the real estate to pay debts, on her statement that if so excused she would secure a loan of $300,000, which would be sufficient to pay all the debts due from said estate. She did procure the loan, but instead of using all of the amount so borrowed to pay the debts of the estate, she applied nearly or quite $30,000 to her own use and now insists that the only recourse of appellees is to institute a proceeding to coerce her to sell real estate to pay debts.

We think that she is estopped by her conduct from asserting that the order of the Probate Court directing her to pay said claim was improperly entered and that the only recourse against her now is to institute another proceeding to coerce her to file a petition to sell real estate to pay debts. The claim which she has

failed and refused to pay is based on the judgment of the Circuit Court of May 27, 1912, a judgment from which no appeal was taken and no writ of error prosecuted to reverse. That judgment was amended in form only and remains in full force. It is final and conclusive against the appellant on the question of the validity of the claim of appellees against the estate of Warren Springer. The amount of that judgment including interest from May 27 to July 24, 1912, was $25,190.97, and for that sum it was allowed as a claim against the estate, and the executrix in her just and true account included such claim as a liability of the estate. ·

The order of the Circuit Court entered October 29, 1913, affirming the order of the Probate Court appealed from was proper, as was the order and judgment that appellant pay to appellees the amount of their claim of $25,190.97 against the estate of Warren Springer, with interest, and the same is affirmed.

*Affirmed.*